UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| CANDACE WOOSLEY, Individually and as Special Administrator of the Estate of STEVEN W. WOOSLEY, SR., Deceased, | )<br>)<br>)<br>) |
| Plaintiff, | )<br>) |
| vs. | ) Cause No. 1:11-cv-1558-WTL-MJD<br>) |
| C.R. ENGLAND, INC., | )<br>) |
| Defendant. | ) |

### ENTRY ON MOTION FOR PARTIAL SUMMARY JUDGMENT

This cause is before the Court on the motion of Defendant C.R. England, Inc., entitled Motion to Apply Indiana Substantive Law and Related Motion for Partial Summary Judgment (dkt. no. 51). The Court, being duly advised, **GRANTS** the Defendant's motion for the reasons set forth below.

### I.   FACTUAL BACKGROUND

The following material facts are not in dispute. The claims in this case arise from a motor vehicle accident involving two tractor-trailer trucks that occurred on northbound I-65 in central Indiana on January 13, 2011. Stephen R. Grogg was operating a Freightliner tractor-trailer (hereinafter "the Freightliner") northbound along I-65 when he pulled the Freightliner to a stop on the right shoulder of the roadway, at or near mile marker 128. Grogg was operating the Freightliner for his employer, Defendant C.R. England, Inc. ("C.R. England"). C.R. England is a Utah corporation that operates in several states, including Illinois and Indiana. The Plaintiff's Decedent, Steven W. Woosley, Sr., ("Woosley") was operating a Volvo tractor-trailer ("the Volvo") northbound on I-65, in a lane of traffic behind Grogg. When Grogg merged his

Freightliner back onto the interstate, the Freightliner and the Volvo collided, causing Woosley severe injuries that resulted in his death at the scene of the accident. The Plaintiff alleges that Mr. Grogg negligently merged his Freightliner in front of Woosley's Volvo, resulting in his injuries and subsequent death. Woosley is survived by his wife, Plaintiff Candace Woosley, and two adult children. At the time of Woosley's death, the Woosleys were residents of and domiciled in the state of Illinois.

The Plaintiff initially filed suit against the Defendant in the Circuit Court of Cook County, Illinois, both as Special Administrator of Woosley's estate and individually. Her three-count Complaint alleges separate causes of action based on three different Illinois statutes: the Illinois Wrongful Death Act, 740 Ill. Comp. Stat. 180/0.01 *et seq.*, the Illinois Survival Act, 755 Ill. Comp. Stat. 5/27-6, and the Illinois Family Expenses Act, 750 Ill. Comp. Stat. 65/15. The Defendant subsequently removed the action to the United States District Court for the Northern District of Illinois based on diversity of citizenship. The Defendant then petitioned the Northern District of Illinois to transfer this case to the United States District Court for the Southern District of Indiana based on *forum non conveniens*. The Northern District of Illinois granted the Defendant's motion and ordered the case transferred to this court. After transfer, the Court granted the Defendant leave to file a motion for summary judgment on choice-of-law issues.

## II. LEGAL STANDARD

Summary judgment is appropriate if the moving party "shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. of Civ. P. 56(a). "A party may move for summary judgment, identifying each claim or defense—or the part of each claim or defense—on which summary judgment is sought." *Id*. In ruling on a motion for summary judgment, the court "view[s] the record in the light most favorable to the

nonmoving party and draw[s] all reasonable inferences in that party's favor." *Zerante v. DeLuca* 555 F.3d 582, 584 (7th Cir. 2009). Nevertheless, "[the court's] favor toward the nonmoving party does not extend to drawing inferences that are supported by only speculation or conjecture." *Singer v. Raemisch,* 593 F.3d 529, 533 (7th Cir. 2010) (internal quotations omitted). "A party who bears the burden of proof on a particular issue may not rest on its pleadings, but must affirmatively demonstrate, by specific factual allegations, that there is a genuine issue of material fact that requires trial." *Hemsworth v. Quotesmith.com, Inc.,* 476 F.3d 487, 490 (7th Cir. 2007).

### III. DISCUSSION

The Defendant asserts that this Court must apply Indiana substantive law to the Plaintiff's claims. In particular, the Defendant asserts that the Indiana Wrongful Death Statute governs the Plaintiff's claims, rather than the Illinois statutes on which the Plaintiff's Complaint is based. If Indiana law is applied, the Defendant argues, then it is entitled to summary judgment on several of the Plaintiff's claims.

#### A. Choice-of-Law Analysis

Ordinarily, a court must apply the choice-of-law rules of the state in which it sits; however, "where a case is transferred pursuant to 28 U.S.C. § 1404(a), it must apply the choice-of-law rules of the State from which the case was transferred." *Piper Aircraft Co. v. Reyno*, 454 U.S. 235, 243 (1981). This principle is also known as the "*Van Dusen* rule." *Van Dusen v. Barrack*, 376 U.S. 612, 633-37 (1964) (transferee court is required to apply the same state's law on choice-of-law rules that the transferor court would have applied). Therefore, this Court must apply Illinois choice-of-law rules in order to analyze whether Indiana or Illinois law applies.

*1. The Necessity of Conducting the Choice-of-Law Analysis*

As an initial matter, to determine whether a court should engage in a choice-of-law analysis, Illinois courts begin by isolating the issue and defining the conflict between the laws. A choice-of-law determination is required only when a difference in the states' laws would make a difference in the outcome. *Townsend v. Sears, Roebuck & Co.*, 879 N.E.2d 893, 898 (Ill. 2007).

In this case, the application of Indiana or Illinois wrongful death statutes would yield greatly different outcomes, making a choice-of-law analysis necessary. The Illinois Wrongful Death Act permits the personal representative of the decedent to bring an action for the benefit of the surviving next of kin, including non-dependent children, of the deceased person to recover damages for grief, sorrow, and mental suffering, with no statutory cap on damages. *Id.* at 899 ("Illinois currently does not have a statutory cap on compensatory damages for noneconomic injuries."). The Indiana Wrongful Death Act, in contrast, permits the personal representative of an adult decedent to bring an action for the recovery of damages on behalf of the decedent's estate. Ind. Code § 34-23-1-2(b). Damages under the Indiana Wrongful Death Act may include reasonable medical, hospital, funeral, and burial expenses necessitated by the defendant's wrongful act or omission that caused the decedent's death, and inure to the exclusive benefit of the decedent's estate for payment of such expenses. Ind. Code § 34-23-1-2(c)(3)(A); Ind. Code § 34-23-1-1. The personal representative may also recover for loss of the decedent's love and companionship on behalf of the surviving spouse and any dependent children. Ind. Code § 34-23-1-2(c)(3)(B); Ind. Code § 34-23-1-1. However, punitive damages are specifically excluded from recovery. Ind. Code § 34-23-1-2(c)(2)(B). The Indiana statute, unlike the Illinois statute, precludes recovery for grief, sorrow, and bereavement suffered as a result of the decedent's death, and also precludes any claim on behalf of the decedent's adult children. Ind. Code § 34-

23-1-2(c)(2)(A); Ind. Code § 34-23-1-1. Thus, there is a substantial difference between the relevant states' laws, making a choice-of-law analysis necessary.

## 2. Illinois Choice-of-Law Analysis

Illinois courts have adopted the choice-of-law analysis set forth in the Second Restatement of Conflict of Laws (the "Restatement"). *Townsend*, 879 N.E.2d at 898. The Restatement contemplates a two-step process in the choice-of-law analysis. The first step is for the court to choose a presumptively applicable law under Restatement § 146. *Id.* at 903. The second step is to determine whether there is another state with a more significant relationship to the lawsuit by testing the presumption against contacts identified in Restatement § 145(2) and the principles of Restatement § 6.[1]  *Id.*  If the court finds that another state has a more significant relationship to the lawsuit, that state's law will be applied instead of the presumptively applicable law. *Id.* "[U]nder Illinois choice-of-law rules, the law of the place of injury controls unless another state has a more significant relationship with the occurrence and with the parties with respect to the particular issue." *Id.* (citations omitted).

Under Illinois choice-of-law rules, § 146 of Restatement is the first step in any choice-of-law analysis. *Id.* at 903. Section 146 provides:

> In an action for a personal injury, the local law of the state where the injury occurred determines the rights and liabilities of the parties, unless, with respect to the particular issue, some other state has a more significant relationship under the principles stated in section 6 to the occurrence and the parties, in which event the

---

[1]Illinois courts have also construed § 6 and § 145 of the Restatement together to describe a three-step process for determining whether a particular contact is significant for choice-of-law purposes: "(1) isolate the issue and define the conflict; (2) identify the policies embraced in the conflicting laws; and (3) examine the contacts of the respective states to determine which has a superior connection with the occurrence and thus would have a superior interest in having its policy or law applied." *Id.* at 905. However, the *Townsend* court declined to make a determination as to whether characterizing the § 145 and § 6 analysis as a three-step process versus an analysis under the two sections is the proper method. The analysis remains the same regardless of the characterization. *Id.*

5

local law of the other state will be applied.

*Id.* at 904 (quoting Restatement (Second) of Conflicts of Laws § 146, at 430 (1971)). "The likelihood that some state other than that where the injury occurred is the state of most significant relationship is greater in those *relatively rare* situations where, with respect to the particular issue, the state of injury bears little relation to the occurrence and the parties." *Id.* (quoting Restatement (Second) of Conflict of Laws § 146, Comment *c*, at 430-31(1971) (emphasis in original)). At step one, the law of the state where the injury occurred—in this case Indiana—is presumptively the appropriate substantive law to apply.

At the second step, the court must determine whether the presumption that Indiana wrongful death law applies can be overcome by the most significant relationship factors in Restatement § 145(2). *Id.* at 905. These factors include (a) the place where the injury occurred; (b) the place where the conduct causing the injury occurred; (c) the domicile, residency, nationality, place of incorporation, and place of business of the parties; and (d) the place where the relationship, if any, between the parties centered. *Id.* at 900 (*citing* Restatement (Second) of Conflict of Laws §145(2)(1971)). "Generally, in a tort case, the two most important contacts are the place where the injury occurred and the place where the conduct causing the injury occurred." *Miller v. Long-Airdox Co.,* 914 F.2d 976, 978 (7th Cir. 1990).

As discussed above, the first factor—the place of the injury—favors Indiana. The Plaintiff argues that the place where the injury occurred was "merely fortuitous" and should be disregarded. The Court disagrees. The cases cited by the Plaintiff involve situations in which either all of the parties were domiciled in the same state, the conduct giving rise to the injury occurred in a different state than where the injury occurred, or the parties had a prior relationship that was clearly centered in another state. *See Martinez v. Smithway Motor Xpress, Inc.*, 2000

6

WL 1741910 (N.D. Ill. Nov. 24, 2000); *Miller v. Hayes*, 600 N.E.2d 34 (Ill. App. Ct. 1992); *Schulze v. Ill. Highway Transp. Co.*, 423 N.E.2d 278 (Ill. App. Ct. 1981). In this case, the conduct giving rise to the injury—the allegedly negligent operation of the Freightliner by Grogg—occurred in Indiana, resulting in an injury that occurred in Indiana. It cannot be said that the injury could have occurred in any state, as the alleged negligent conduct occurred at that specific time and location on the Indiana roadway. Thus, the Court finds that the location was not merely fortuitous and weighs in favor of applying Indiana law.

The second factor—the place where the conduct causing the injury occurred—also favors Indiana. The alleged negligent driving that occurred on the Indiana roadway is the most significant and relevant event that caused the accident. The Plaintiff argues that the Court should disregard this factor as insignificant, stating that "this case will eventually deal with the issues of damages and not liability" and that courts place less emphasis on this factor when only damages are at issue. Plaintiff's Brief at 14. However, both liability and damages are currently at issue. As such, the Court must focus on the conduct at issue in determining liability, and that conduct occurred in Indiana. Thus, this factor also favors the application of Indiana law.

Third, the domicile, residence, place of incorporation, and place of business of the parties favors neither Indiana nor Illinois. The Defendant conducts business in both Illinois and Indiana, but does not have its principal place of business in either state. Even though the decedent was domiciled in Illinois, he still availed himself of the laws of Indiana by use of its roadways and should have expected to be governed by Indiana's laws. The *Martinez* case cited by the Plaintiff, in which the Northern District of Illinois applied the law of the state of the plaintiffs' domicile over the place of the accident, is not persuasive, as it was decided by a federal court applying Illinois law prior to the Illinois Supreme Court decision in *Townsend*, which established and

7

clarified the proper Illinois choice-of-law analysis. The domicile of the parties is not sufficient to overcome the presumption that Indiana law applies.

Finally, the place where the relationship of the parties was centered also favors Indiana. Woosley and the Defendant had no other relationship or interaction prior to the accident, and their first and only encounter occurred in Indiana. Thus, Restatement § 145 suggests that Indiana law applies in this case.

Having addressed the factors set forth in Restatement § 145(2), the Court must determine whether the choice-of-law principles in § 6 of the Restatement contradict the presumption that Indiana law applies. In personal injury actions, only §§ 6(2)(b) (relevant policies of the forum), (c) (relevant policies of other interested states and the relevant interest of those states in the determination of the particular issue) and (e) (the basic policies underlying the particular field of law) are implicated. *Townsend*, 879 N.E.2d at 900, 906-07. Although the Plaintiff addressed six of the seven factors under § 6(2), the Court will only address those that are relevant to personal injury actions.

With respect to the relevant policies of the forum and the relevant policies of other interested states and their relative interests, the Plaintiff argues that Illinois has a superior interest in having its domiciliaries fully compensated and that Indiana has no connection or interest in compensating or protecting non-domiciled parties. However, Indiana does have an interest in protecting its residents and enforcing its laws with regard to persons who travel its roadways. It is true that the Plaintiff would be compensated under Indiana's wrongful death laws to an extent less than Illinois law would permit, but the fact that the Plaintiff's recovery would be greater under one state's laws versus another's does not mean that one state's interests are greater than the other. *Id.* at 907. The court in *Townsend* refused to make a choice-of-law analysis on the

basis of whether a particular state's law was more plaintiff or defendant friendly. "[T]ort rules which limit liability are entitled to the same consideration when determining choice-of-law issues as rules that impose liability. . . . We trust that characterizations such as 'pro-consumer' or 'pro-business' will not often appear in future choice-of-law cases." *Id.* (internal citations omitted); *see also Gregory v. Beazer East*, 384 Ill. App. 3d 178, at 200-01 (Ill. App. 2008) ("[A] rule is a rule; a tort rule limiting liability for a personally injured plaintiff . . . is entitled to no more or less deference than one imposing liability upon a corporation that may have become wealthy from a product which caused the injury.").

The Plaintiff also argues that the basic policies underlying the particular field of law favor the application of Illinois' laws over Indiana's. The Plaintiff asserts that tort law is meant to deter tortious conduct and compensate victims for their loss by holding wrongdoers accountable and properly allocating losses. The Plaintiff argues that Illinois' legislature and courts have "placed a higher value on human life, suffering and death" than Indiana. Plaintiff's Brief at 18. Aside from greater economic recovery, the Plaintiff fails to explain how Indiana law does not achieve the same goals as that of Illinois. As discussed above, greater recovery by the Plaintiff under one statutory scheme versus another is not enough to conclude that one state has a superior interest over another, and the respective policies of Illinois and Indiana do not favor going against the conclusion that Indiana law applies. Thus, the § 6 analysis fails to rebut the presumption that Indiana's law applies to the wrongful death issue. Accordingly, the Court finds that Indiana law provides the substantive law of this case.

### B. Summary Judgment as to Counts II, III, and Individual Claims

The Defendant argues that because Indiana law applies it is entitled to summary judgment on Counts II and III of the Plaintiff's Complaint, as well as the claims that the Plaintiff

9

asserts individually. Count II of the Complaint is brought by the Plaintiff both in her individual capacity and as the personal representative of Woosley's estate pursuant to the Illinois Survival Act and seeks recovery for Woosley's pain, suffering, emotional distress, disability and disfigurement prior to his death. Count III is brought by the Plaintiff as the personal representative of Woosley's estate pursuant to the Illinois Family Expense Act and seeks recovery of the funeral expenses of the decedent. The Defendant also seeks summary judgment on any counts brought by the Plaintiff in her individual capacity, as well as claims brought on behalf of Woosley's adult children, which, the Defendant argues, are viable under Illinois law but not under Indiana law.

As the Court previously has determined, the appropriate substantive law to apply in this case is Indiana law. As such, the Plaintiff may not maintain a cause of action that is based on Illinois law; rather, the Indiana Wrongful Death Act applies to Count I of the Plaintiff's Complaint. Although Indiana also has a Survival Act, Ind. Code § 34-9-3-1 *et seq.*, a plaintiff in Indiana may not recover under both wrongful death and survival theories when death is the direct result of the defendant's alleged wrongful acts or omissions.[2] *Calhoon v. Cummings*, 734 N.E.2d 535, 543 (Ind. 2000); Ind. Code § 34-9-3-4. In addition, the Indiana Wrongful Death Act permits a plaintiff to recover only as personal representative of the estate, not in her individual capacity.

---

[2]In Indiana, a plaintiff is permitted to plead alternative claims for survival and wrongful death in her complaint, but may recover under only one theory. *Calhoon*, 734 N.E.2d at 542. However, if there is no evidence that the decedent died from causes other than the defendant's alleged negligence, the proper claim would be for wrongful death, and evidence of the decedent's pain and suffering would be inadmissible at trial. *Am. Intern. Adjustment Co. v. Galvin*, 86 F.3d 1455, 1458-59 (7th Cir. 1996); *cf. Calhoon*, 734 N.E.2d at 542 (evidence existed to support both a theory of wrongful death and survival, thus the plaintiff was not required to elect a remedy prior to trial). Because neither party disputes that Woosley's death was a result of the accident alleged to have been caused by the Defendant, this case is properly a wrongful death action.

Ind. Code § 34-23-1-2(b). Non-dependent children also are precluded for recovering for loss of love and companionship. Ind. Code § 34-23-1-1.

Accordingly, the Court **GRANTS** the Defendant's motion for partial summary judgment as to Counts II and III of the Plaintiff's Complaint, as well as to Count I to the extent it asserts individual claims on behalf of Candace Woosley and Woosley's adult children.

## IV.    CONCLUSION

For the reasons set forth above, the Court **GRANTS** the Defendant's Motion to Apply Indiana Substantive Law and Related Motion for Summary Judgment (dkt. no. 51) in its entirety.

SO ORDERED:  08/27/2012

*William T. Lawrence*

Hon. William T. Lawrence, Judge
United States District Court
Southern District of Indiana

Copies to all counsel of record via electronic notification